**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DILCIA YOLANDA GUIFARRO-GUERRERO,<br><br>                    Petitioner,<br><br>    v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                  Respondents. | Case No. 26-cv-02107-BAS-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Dilcia Yolanda Guifarro-Guerrero filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming she was improperly detained after she was paroled into the United States on her own recognizance. (ECF No. 1.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as she was previously released.

**I.      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or

- 1 -

26cv2107

she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner, a citizen of Honduras, entered the United States on October 11, 2023. (ECF No. 1, at ¶ 1.)  She was arrested and immediately released on her own recognizance after Border Patrol determined she was not a flight risk or danger to the community.  (ECF No. 1 ¶ 1, Ex. 2.)  On January 31, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to her flight risk or danger to the community.  (ECF No. 1, at ¶ 2; ECF No. 5.)  Petitioner seeks immediate release or a bond hearing.

## III.   ANALYSIS

Petitioner seems to base much of her argument on the distinction between individuals arrested in the interior of the United States and those arrested at the border.  However, Petitioner was originally arrested at the border and is thus subject to mandatory detention. 8 U.S.C. § 1225(b).  Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty.  *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers).  Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if

26cv2107

the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding she was not a flight risk or a danger to the community in October 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as she was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Dilcia Yolanda Guifarro-Guerrero (A#245-350-765) be released on the same terms and conditions as she was previously released in October 2023.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 20, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2107